IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALTIMETRIK CORP.,**

       Plaintiff,                  Case  No. 2:18-cv-11754

**v.**                               Honorable Stephen J. Murphy, III

                                   Mag. Judge Elizabeth A Stafford

**U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,**

       Defendant

_____

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES THE PLAINTIFF, by and through its attorney, Luke Bowman, and, pursuant to F.R. Civ. P. 56 in conjunction with the Administrative Procedure Act ("APA") 5 U.S.C. § 702, et. Seq. Plaintiff hereby moves this Court for an order granting summary judgment and requested relief in this matter for the reasons stated in the attached supporting Brief.

       Respectfully submitted,

                                        _s/ Luke Bowman_
                                        (CA277175)
                                        The Law Offices of Luke Bowman
                                        7934 Howard Street
                                        Whitmore Lake, MI 48189
                                        Tel: (810) 522-5405
                                        e-mail: luke@lukebowmanlaw.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................3

ISSUE PRESENTED ..........................................................................5

INTRODUCTION ..............................................................................6

STATEMENT OF FACTS ....................................................................8

LEGAL STANDARDS ......................................................................10

   1. Summary Judgment.......................................................................10

   2. Review under the Administrative Procedures Act ......................................10

APPLICABLE LAW AND REGULATIONS .........................................13

LEGAL ARGUMENT........................................................................16

   1. USCIS denied the petition because the position was not a specialty occupation, but failed to substantiate this position with the application of the plain language of the statute and regulations……………………………16

   2. USCIS Failed to Apply the Proper Standard of Proof Resulting in a Decision that is Contrary to the Facts………………………………………………..24

CONCLUSION.................................................................................26

CERTIFICATE OF SERVICE..............................................................27

## TABLE OF AUTHORITIES CASES

*Burrage v. United States,* 571 U. S. 204, 218 (2014)..............................................13

*Gonzalez v. Oregon*, 546 U.S. 243, 277 (2006)......................................................24

*Auer v. Robbins*, 519 U.S. 452, 461 (2006)…………………………………………24

*Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, (1989)………..…..24

*Bowles v. Seminole Rock and Sand Co.*, 325 U.S. 410, 413 (1945)………………24

*U.S. v. Cardozo-Fonseca,* 480 U.S. 421 (1987)……………………………….25,26

Defensor v. Meissner, 201 F.3d 384 (5th Cir. 2000) .......................................20,21

Marsh v. Oregon Natural Resources Council, 490 U.S. 360 (1989)................12, 13

Matter of Chawathe, 25 I&N Dec. 369 (AAO 2010)......................................15,25

Pereira v. Sessions, 585 U.S. ___ (2018) No. 17-459, Supreme Court of the United States (June 21, 2018).......................................................................................13,24

*EG Enterprises, Inc. v. Dep't of Homeland Security*, 467 F. Supp. 2d 728, 734 (E.D. Mich. 2006)……………………...…………………………………………15

*U.S.A. Inc. v. Natural Resources Defense Council, Inc*., 467 U. S. 837 (1984)......13

Shanti, Inc. v. Reno, 36 F. Supp. 2d 1151 (D. Minn. 1999)……………….............15

*Kazarian v. U.S. Citizenship & Immigration Servs., 596 F.3d 1115, 1117 (9th Cir.2010)*………………………………………………………………………..24

Smith v. Chater, 99 F.3d 780 (6th Cir.1996)………………......................................13

## STATUTES

5 U.S.C. § 702 ............................................................................................7

5 U.S.C. § 706 ..........................................................................................11

8 U.S.C. § 1101(a)(15)(H)(i)(b) ...............................................................14

8 U.S.C. § 1184(i) .....................................................................................15

8 U.S.C. § 1361 ........................................................................................15

INA § 101(a)(15)(H)(i)(b)………………..................................................14

INA § 214(i) .................................................................................................16

REGULATIONS

8 C.F.R. 214.2(h)(4)...…………………………………………………8,15,16

RULES

Fed. R. Civ. P. 56 ...................................................................................11

## <u>ISSUE PRESENTED</u>

Did USCIS properly deny Plaintiff Altimetrik's H-1B petition based on a finding of failure to establish that the "Technical Lead" position qualified as a specialty occupation, and a lack of evidence to show sufficient work for the requested period of intended employment?

Plaintiff answers: No.

 Defendant answers: Yes.

 The Court should find: No.

**BREIF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This is an action for judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, of the denial by the United States Citizenship and Immigration Services (USCIS) of a Form I-129, H1B Non-immigrant Visa Petition, filed by plaintiff, Altimetrik, on behalf of Mr. Aravind Kumar Ravindran (Beneficiary).

An employer may file an H-1B visa petition on behalf of a non-citizen worker who is coming to, or already present in the United States "to perform services…in a specialty occupation described in section 1184(i)(1) of this title…who meets the requirements for the occupation described in section 1184(i)(2) of this title… and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under section 1182(n)(1) f this title." 8 U.S.C. §1101(a)(15)(H)(i)(b). A "specialty occupation" is one that "requires…theoretical and practical application of a body of highly specialized knowledge, and…attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1). The related regulation defines "specialty

occupation" as "…an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. 214.2(h)(4)(ii). The regulation further requires that a position also meet one of the following criteria, in order to qualify as a "specialty occupation:"

> 1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
> 2) The degree requirement is common to the industry in parallel positions among similar organizations, or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
> 3) The employer normally requires a degree or its equivalent for the position; or
> 4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A). Therefore, reading the law and regulations together, in order to qualify as a "specialty occupation," a proffered position must 1) require theoretical and practical application of a body of highly specialized knowledge, 2) necessitate a bachelor's degree or higher in the specific specialty (or its equivalent)

7

as a minimum for entry into the occupation, and 3) meet one of the four alternative criteria listed above.

Plaintiff is entitled to summary judgment and an order compelling USCIS to reverse its decision denying the H-1B petition for Aravind Kumar Ravindran as Technical Lead. The Certified Administrative Record (CAR) provided to the Court demonstrates arbitrary and capricious findings and conclusions sufficient to support the overturn of USCIS' decision under the scope of review allowed by the APA.

Altimetrik has met its burden of proving that "Technical Lead" position qualifies as a specialty occupation requiring a bachelor's degree or higher in a specific specialty and demonstrating sufficient and current work availability for the beneficiary, so much so that Altimetrik was already employing the beneficiary (CAR 212). Altimetrik's motion for summary judgment should be granted and this Court should overturn the USCIS decision as supported by the administrative record.

## STATEMENT OF FACTS

Altimetrik has more than 2,000 employees worldwide with approximately 249 employees in the United States and a revenue in 2017 of $80 million; its own patented business software in addition to providing highly skilled professionals to

well-known companies in the auto, healthcare, and finance industries (CAR 41-50).

On December 21, 2017 Altimetrik filed an H-1B change of employer petition for Aravind Kumar Ravindran for a full-time position as a Technical Lead (classified as a Software Developer, Applications position for prevailing wages) with receipt number: WAC1805951304 (CAR 8-39). This petition was supported by: employment offer letter, the beneficiary's biographical and status documents, the beneficiary education credentials, promotional material for Altimetrik, Statement of work between Altimetrik and Mercedes Benz financial Services USA LLC (MBFS), employment agreement and pay stubs with the beneficiary's previous employer (CAR 40-90). Pursuant to the applicable regulations, Altimetrik began a full-time employment relationship with the beneficiary after submission of the petition (CAR 210).

USCIS issued an RFE for this case in January 2017 (CAR 115-120), and the Petitioner responded on or about February 16, 2018 with the following evidence (CAR 121-211): Expanded job and project description showing that the job's duties require the skills of someone with at least a bachelor's in Computer Science. Signed Affidavit demonstrating Altimetrik consistent practice to require a minimum of a bachelor's degree in Computer Science, Computer Applications, Information Systems, Electrical Engineering or a related field supported by: diplomas and

paystubs of listed employees; employment offer letter; Employment agreement; Master Service agreement between MBFS, No.2 - Statement of Work – demonstrating a continuation of Altimetrik's projects for MBFS; Addendum No.1 to Statement of Work No.2 shows that the SOW provides that the work will be done at Altimetrik's offices, including the New Jersey location; Most recent pay stub from Altimetrik for Mr. Ravindran; Organizational Chart.

On March 2, 2018, USCIS denied the case on the basis that the position was not a specialty occupation and that Altimetrik did not demonstrate sufficient work for the requested period of intended employment (CAR 2-7).

## LEGAL STANDARDS

### 1. Summary Judgment

This action is brought under the Administrative Procedure Act (APA), therefore the standard analysis under Fed. R. Civ. P. 56 for determining whether a genuine issue of material fact exists is not applicable because judicial review is limited to the administrative record. 5 U.S.C.§ 706.

### 2. Review under the Administrative Procedures Act

The Court is empowered by 5 U.S.C.§ 706 to:

> Hold unlawful and set aside agency action, findings, and conclusions found to be:
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B)  contrary to constitutional right, power, privilege, or immunity;
(C)  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D)  without observance of procedure required by law;
(E)  unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F)  unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error

Review under the APA is narrow, and the reviewing court may not substitute its judgment for that of the agency even if the court might otherwise disagree with the agency's decision. *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 376 (1989). An agency's factual findings are reviewed under the substantial evidence standard, *Steeltech, Ltd. v. U.S. Environmental Protection Agency*, 273 F.3d 652, 656–57 (6th Cir.2001), with review limited to determining whether the decision is supported by substantial evidence in the record as a whole. *Id*. at 657.

In immigration cases, the Supreme Court has interpreted the substantial evidence standard to mean that a particular agency finding can be reversed only if a reasonable fact-finder would be compelled to reach a different conclusion. *Smith v. Chater*, 99 F.3d 780, 782 n. 3 (6th Cir.1996) (citing *INS v. Elias–Zacarias*, 502 U.S. 478 (1992)

The Court's review under the APA should be "searching and careful,"
*Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 378, and "[C]ourts
should not automatically defer to the agency's express reliance on an interest in
finality without carefully reviewing the record and satisfying themselves that the
agency has made a reasoned decision based on its evaluation of the significance —
or lack of significance — of the new information. A contrary approach would not
simply render judicial review generally meaningless, but would be contrary to the
demand that courts ensure that agency decisions are founded on a reasoned
evaluation "of the relevant factors." *Id.* The Supreme Court recently confirmed in
*Pereira v. Sessions,* 585 U.S. ___ (2018) No. 17-459, Supreme Court of the United
States (June 21, 2018) "The judiciary is the final authority on issues of statutory
construction, and must reject administrative constructions which are contrary to
clear intent. If a court, employing traditional tools of statutory construction,
ascertains that Congress had an intention on the precise question at issue, that
intention is the law, and must be given effect." Citing *U.S.A. Inc. v. Natural
Resources Defense Council, Inc*., 467 U. S. 837 (1984). Even practical
considerations are meritless and do not justify departing from the statute's clear
text. *See Burrage v. United States,* 571 U. S. 204, 218 (2014). *Pereira v. Sessions,*
585 U.S. ___ (2018) No. 17-459, Supreme Court of the United States (June 21,
2018)

## <u>APPLICABLE LAW AND REGULATIONS</u>

The Immigration and Nationality Act provides for the classification of qualified nonimmigrant foreign nationals to work temporarily in the United States if they are sponsored by an employer in a specialty occupation. INA § 101(a)(15)(H)(i)(b), 8 U.S.C. § 1101(a)(15)(H)(i)(b). This category of nonimmigrant aliens is commonly known as "H-1B." An employer may file an H–1B visa petition on behalf of a non-immigrant worker, known as a Form I–129 petition. Employers seeking to hire foreign nationals under the H-1B program must demonstrate that the proffered position is a specialty occupation as defined in INA § 214(i), 8 U.S.C. § 1184(i). See 8 C.F.R. An H–1B visa permits a nonimmigrant temporary admission into the United States

> to perform services ... in specialty occupation described in section 1184(i)(1) of this title ... who meets the requirements for the occupation specified in section 1184(i)(2) of this title ... and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the secretary an application under section 1182(n)(1) of this title. See 8 U.S.C. § 1101(a)(15)(H)(i)(b).

Employers seeking to employ foreign nationals under the H-1B program must demonstrate, among other requirements, that the offered position is, in fact, a specialty occupation. The INA defines the phrase "specialty occupation" as an occupation that requires:

> (A) theoretical and practical application of a body of highly specialized knowledge, and

13

> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. 8 U.S.C. §1184(i)(1).

The related regulation expands on the statutory definition as follows:

> Specialty occupation means an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States. 8 C.F.R. § 214.2(h)(4)(ii).

Accordingly, in order for a petition for a nonimmigrant worker in the classification of specialty occupation to be granted, "the petitioning employer and the alien beneficiary must satisfy a two-prong test: '(1) the position that the alien seeks to occupy must qualify as a "specialty occupation'; and (2) the alien must be qualified to perform services in said occupation.'" *EG Enterprises, Inc. v. Dep't of Homeland Security*, 467 F. Supp. 2d 728, 734 (E.D. Mich. 2006), quoting *Shanti, Inc. v. Reno*, 36 F. Supp. 2d 1151, 1153 (D. Minn. 1999). In visa proceedings, the burden rests with the petitioner to establish eligibility for the benefit sought by a preponderance of the evidence. *EG Enterprises, Inc*., 467 F. Supp. 2d at 734, citing 8 U.S.C. §1361 (Whenever any person makes application for a visa . . . the burden of proof shall be upon such person to establish that he is eligible to receive a visa); *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010); see also 8 C.F.R.

14

§ 214.2(h)(4)(iv) ("An H-1B petition involving a specialty occupation shall be accompanied by (A) Documentation . . . or any other required evidence sufficient to establish . . . that the services the beneficiary is to perform are in a specialty occupation."). The regulation at 8 C.F.R. § 214.2(h)(4)(iii)(A) sets forth the following four criteria, one of which must be met to establish that an offered position qualifies as a specialty occupation:

> 1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
> 2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree; 3) The employer normally requires a degree or its equivalent for the position; or
> 4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

Notably, the degree requirements listed in the regulatory criteria at 8 C.F.R. § 214.2(h)(4)(iii)(A) are a further definition of the statutory provision specifying that a specialty occupation requires a bachelor's or higher degree "in a specific specialty" (or its equivalent) as a minimum for entry into the occupation. See INA § 214(i)(1), 8 U.S.C. § 1184(i)(1).

## LEGAL ARGUMENT

USCIS wrongfully denied the petition at issue in this case. This discussion will show that substantial evidence supports Plaintiff's petition and this evidence was ignored in favor irrelevant discussion that was not based in either fact or law. Accordingly, The Court should grant Altimetrik's motion for summary judgment.

**1. USCIS denied the petition because the position was not a specialty occupation, but failed to substantiate this position with the application of the plain language of the statute and regulations**

A position qualifies as a specialty occupation under the first regulatory criterion if "[a] baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position." 8 C.F.R. § 214.2(h)(4)(iii)(A)(1). The degree must be in a specific specialty in order to comport with the "specialty occupation" definition under INA § 214(i)(1), 8 U.S.C. § 1184(i)(1), and 8 C.F.R. § 214.2(h)(4)(ii). USCIS determined that the position of "Technical Lead" as designated by Altimetrik for the employment at issue is not a specialty occupation position that does not require a specialty degree despite the submission of evidence and argument providing in-depth illustration of the specialized nature of the position for Mr. Ravindran (AR at 124-126) requiring at least a Bachelor's degree in Computer Science or a related field such as Information Systems.

<u>Petitioner has met the requirements on two of four prongs even though only
satisfaction on just one prong is the measure of scrutiny</u>

Regulations at 8 CFR § 214.2(h)(4)(iii)(A) provide a four-prong standard to
prove specialty occupation as discussed above, the administrative record
convincingly demonstrates that this petition has met at least two of the four-prong
standards according to the regulations cited above and a review of the
administrative record[1]: 1) Altimetrik demonstrated is consistent requirement for all
Software Developer positions as a bachelor's degree. 2) A review of the duties for
this H1B petition will demonstrate that they are so complex, that by their nature
they require a bachelor's degree.


<u>The USCIS denial arbitrarily and capriciously ignores the job description provided
by Altimetrik.</u>

The denial claims that it does not use a title to determine specialty
occupation and that it must evaluate the duties to be performed, but USCIS fails to
make any discussion or analysis of the job duties. Instead the denial arbitrarily and
capriciously ignores the job description provided by Altimetrik.

---

[1] Altimetrik has met 3 of the 4 should the Court choose to take judicial notice that The Department of Labor's
Occupational Outlook Handbook (OOH), which is routinely accepted by USCIS as authoritative, holds that a
software developer position requires at least a bachelors degree in Computer Science, Software Engineering or a
related field for <u>entry</u> to the occupation. https://www.bls.gov/ooh/computer-and-information-technology/software-
developers.htm

USCIS arbitrarily and mistakenly claims that "Inasmuch as you [Altimetrik] are not a firm needing computer related positions to complete your own software projects, the record does not show sufficient work to establish eligibility for the benefits sought." (CAR 6). This is not only unsupported by the record, but such an irrational conclusion demonstrates a complete lack of unbiased, subjective, analysis. The record demonstrates that this: 1)was/is Altimetrik's project; 2) was ongoing at Altimetrik's New Jersey office; 3) was directed, managed and controlled by Altimetrik. Yet somehow USCIS arbitrarily and capriciously concludes that it: 1) was not Altimetrik's project, and 2) Altimetrik does not need computer related positions. Despite the fact that Altimetrik is a software development company and therefore requires software position and Altimetrik's customer in this case is not a software company but is in fact is the financial branch of an automobile manufacturer.

USCIS ignored persuasive evidence in the record that one of the statements of work was valid from September 4, 2017 through September 1, 2018 (CAR 177-209) and was a project in addition to the first statement of work provided (CAR 51-55), demonstrating that Altimetrik has multiple in house projects and that Altimetrik could use any of these projects to provide specialty occupation work to the beneficiary.

USCIS also failed to consider that Altimetrik was not required to establish that it has work available for a full three year period on a clear and convincing standard. The statutes and regulations for the H-1b program place affirmative burdens on the petitioner to: 1) Pay the beneficiary of the petition at least the prevailing wage for the duration of the H-1b validity, 2) Provide specialty occupation work to the beneficiary for the duration of the H-1b validity; 3) If unable to pay the prevailing wage or provide work, Altimetrik has the affirmative duty to amend or withdraw the petition immediately. Failure to perform these affirmative duties would subject Altimetrik to fines, penalties and a bar from using the H-1b program. Thus there is no rational basis to require clear evidence covering a full three year time frame. Instead, evidence of current, ongoing and non-speculative projects at the work location should have been sufficient.

The denial makes it clear that USCIS inexplicably and improperly operated from the assumption that Altimetrik was not responsible for assigning the duties of this position (CAR 2-7). Defendant reasoned in the denial that it had to "examine the ultimate employment of the alien and determine whether the position qualifies as a specialty occupation. *See Defensor v. Meissner,* 201 F.3d 384 (5th Cir. 2000) There is no statutory or regulatory requirement for this demand and as counsel for defense points out in answer to the amended complaint, is "inapplicable here." *Def. Answer to Amended Complaint, ECF No.7, page 10.* We agree, but are left with the

fact that this denial used *Defensor* to create an evidentiary requirement that does

not exist in either statute or regulations and USCIS used this case law as a basis for

the denial. The Agency's flawed application of *Defensor* is in complete disregard

statements and evidence demonstrating that this position is a specialty occupation

in favor of requiring specific statements for the "end-client," who are in fact

Altimetrik's customers and are not involved in the employment, supervision,

control, management, petition process or any other aspect of this case. Much of the

analysis and reasoning provided in the denial is predicated on agency created

requirement for evidence from the "end client" to determine the nature of the

position. Without this manufactured requirement, the agency would have been left

with the best and most appropriate evidence, evidence from the employer. The

evidence from the employer demonstrated that this position as a specialty

occupation. Instead, the denial claimed: "You were asked to provide contracts,

statements of work, work orders, service agreements, or letters from client firms

requiring computer related services of the beneficiary and any other evidence you

deemed would establish sufficient specialty occupation work." (CAR 4); "[t]he

agreement and statement of work submitted do not describe in detail the work to be

performed by the beneficiary; or list the qualifications that are required to perform

the job duties." (CAR 5);  It is possible that this analysis would be appropriate if

the beneficiary was working for someone other than the petitioner or at a third

party location, but that is not the case here. This petition was filed based on Altimetrik's business needs for this position at its New Jersey office, not to provide staffing services to MBFS. The denial claims "While the statement of work presents a timetable of 'Milestones/Deliverables' it does not actually outline a plan, and detail in concrete terms how it will be performed by the beneficiary." (CAR 5) This is flawed as the Statement of Work is not for a specific position, but the performance of a project, therefore the roles are general, focusing on the project goals and entirely appropriate for a company project. The appropriate conclusion would have been to rely on the employer's position description for job details. USCIS continued with this analysis:

> In your letter of support, you have provided a breakdown of the duties for the beneficiary which includes specific tasks the beneficiary will perform, along with percentages that represent the amount of time the beneficiary spends on each duty, However, this break down is not corroborated by the statement of work you have provided between your organization and Mercedes-Benz Financial Services."(CAR 5).

> [E]ach position contained within the statement of work only vaguely describes the roles and responsibilities of each employee to be utilized for the project. For example, the only responsibilities assigned to the Architect as itemized in the statement of work are, 'Technical feasibility, Architecture, Proto Type design, Shared across Use Cases 1&2.' These generalized duties and responsibilities in this statement of work are inconsistent with the breakdown of duties you have provided in your letter of support. Therefore, the evidence you have provided is insufficient to illustrate what actual duties of the beneficiary are, and whether or not they are the duties of a specialty occupation.(CAR 5)

The statement of work was not provided for "corroboration" but to
demonstrate one of the possible sources of in house work for the beneficiary, nor
was it provided to provide details of the beneficiary's position. As the employer,
only Altimetrik has the authority and responsibility to assign job duties and
responsibilities to the beneficiary to attempt to add a third party and supplant
Altimetrik's role is irrational, arbitrary and capricious. USCIS attempted to take a
project based Statement of Work and derive a position from the beneficiary from
this documentation, when the Statements of Work where never intended to address
specific positions or for staff augmentation purposes.

> [E]ach position contained within the statement of work
> only vaguely describes the roles and responsibilities of each
> employee to be utilized for the project. For example, the only
> responsibilities assigned to the Architect as itemized in the
> statement of work are, 'Technical feasibility, Architecture, Proto
> Type design, Shared across Use Cases 1&2.' These generalized
> duties and responsibilities in this statement of work are
> inconsistent with the breakdown of duties you have provided in
> your letter of support. Therefore, the evidence you have provided
> is insufficient to illustrate what actual duties of the beneficiary
> are, and whether or not they are the duties of a specialty
> occupation.

Other jurisdictions have already opinioned that it is an abuse of discretion
for USCIS to impose additional requirements that are non-existent in the statute or
regulation, *Kazarian v. U.S. Citizenship & Immigration Servs., 596 F.3d 1115,*

*1117 (9th Cir.2010)*, the Ninth Circuit opined that neither USCIS nor an [Administrative Appeals Office] may unilaterally impose novel substantive or evidentiary requirements beyond those set forth in the regulations and that such imposition constituted abuse of discretion.

Finally, USCIS decision in this case is not entitled to deference as this decision as it is "plainly erroneous or inconsistent with the regulation." *See Gonzalez v. Oregon*, 546 U.S. 243, 277 (2006); *see also Auer v. Robbins*, 519 U.S. 452, 461 (2006); *see also Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, (1989); *see also Bowles v. Seminole Rock and Sand Co.*, 325 U.S. 410, 413 (1945).  A recent decision from the U.S. Supreme Court demonstrates that the judiciary's role[2] is critical for review of agency interpretation, construction and determination of what constitutes "statutory" or "regulatory" ambiguity. *Pereira v. Sessions,* 585 U.S. ___ (2018) No. 17-459, Supreme Court of the United States (June 21, 2018) (Kennedy, J. concurring), "The proper rules for interpreting statutes and determining agency jurisdiction and substantive agency powers should accord with constitutional separation-of-powers principles and the function and province of the Judiciary." See, e.g., Arlington, supra, at 312–316 (ROBERTS, C. J., dissenting).

---

[2] See also: *Arlington* v. *FCC*, 569 U. S. 290, 327 (2013) (ROBERTS, C. J., dissenting) ("We do not leave it to the agency to decide when it is in charge").

### 2. USCIS Failed to Apply the Proper Standard of Proof Resulting in a Decision that is Contrary to the Facts

Failure to apply the proper standard of evidence demonstrates agency action that is not in accordance of with the law. The standard of review at the agency level is that of a preponderance. *U.S. v. Cardozo-Fonseca,* 480 U.S. 421 (1987) *(defining "more likely than not" as a greater than 50 percent probability of something occurring);* and agency precedent: *Matter of Chawathe,* 25 I. & N. Dec. 369, 375 (AAO 2010). *Matter of Chawathe* specifically states:"[e]xcept where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence that he or she is eligible for the benefit sought." No differing standard is articulated by statute for H-1b petition, thus the preponderance standard applies. It is true that *Chawathe* allows the director of USCIS to issue a request for evidence or deny a petition for a "material doubt" the director is required to clearly articulate any material doubts with regard to the evidentiary record. *Id.* at 375. That is not the case based on a review of the record. USCIS articulated supposed material doubt, but this is based only on its creation of the non-existent requirement for position descriptions in the statements of work or other third party documentation. The record demonstrates that Altimetrik is only the employer by any standard, provides all supervision and, as the employer, is the only relevant entity capable of defining the nature of the

position. Despite the evidence and independent corroboration from the master service agreement (CAR 177-200), a specific, detailed position description and evidence from Altimetrik demonstrating viable, ongoing projects from its New Jersey Office, USCIS concluded that the position was not a specialty occupation and that Altimetrik did not have sufficient work for the requested period of employment. USCIS Adjudicators Field Manual states:

> Even if the director has some doubt as to the truth, if the petitioner submits relevant, probative, and credible evidence that leads the director to believe that the claim is "probably true" or 'more likely than not,' the applicant or petitioner has satisfied the standard of proof. See *U.S. v. Cardozo-Fonseca, 480 U.S. 421* (1987) (defining "more likely than not" as a greater than 50 percent probability of something occurring) *AFM 11.1(c)*

While the Adjudicators Field Manual lacks the force of law, it is nonetheless persuasive in identifying the agency's own standards and a demonstration of arbitrary and capricious action if the agency fails to follow its own guidance. When the evidence is viewed in the proper light with Altimetrik as the employer and responsible for the position details and the contractual documents as evidence of ongoing projects, the result demonstrates the position as a specialty occupation under the plain language of the statute and regulation and demonstrates that Altimetrik was already employing the beneficiary on its in house projects with at least one source of work guaranteed through September 1, 2018.

## CONCLUSION

This denial should be overturned as arbitrary and capricious for failure to follow the plain language of governing statutes and regulations; as not in accordance with the law for failure to apply the proper preponderance evidentiary standard.

Respectfully submitted, this day October 26, 2018,

<div style="margin-left:40%;">

s/ Luke Bowman
(CA277175)
The Law Offices of Luke Bowman
7934 Howard Street
Whitmore Lake, MI 48189
Tel: (810) 522-5405
e-mail: luke@lukebowmanlaw.com

</div>

## **Certificate of Service**

I hereby certify that on October 26, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the named defendants:

Jefferson Sessions, Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Daniel L. Lemisch, US Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

L. Francis Cissna, Director
U.S. Citizenship and Immigration Services
425 I Street, NW
Washington, DC 20536

s/ Luke Bowman
(CA277175)
The Law Offices of Luke Bowman
7934 Howard Street
Whitmore Lake, MI 48189
Tel: (810) 522-5405
e-mail: luke@lukebowmanlaw.com